

Samir R. Mehta
**PARTNER**
(314) 259.4517 (T)
(314) 259.4473 (F)
samir.mehta@stinson.com

January 31, 2020

**Via ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:  Pre-Motion Conference for a Motion to Dismiss in *Joseph Guglielmo v. Nebraska Furniture Mart, Inc.*, 1:19-cv-11197 (KPF)(KHP)

Your Honor:

Pursuant to Section 4(A) of Your Honor's Individual Rules and Practices, Defendant Nebraska Furniture Mart, Inc. ("NFM") respectfully requests a pre-motion conference in connection with NFM's forthcoming motion to dismiss Plaintiff Joseph Guglielmo's Complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(2) ("Motion").[1]  This letter briefly sets forth the bases of the proposed Motion.  Plaintiff opposes the submission.

This lawsuit involves Plaintiff's claims that NFM's website available at http://www.nfm.com ("Website") violates the Americans with Disabilities Act (the "ADA"), New York City Human Rights Law, and New York City Administrative Code.  ECF No. 1 ("Complaint").  Plaintiff alleges that NFM's Website does not provide "full and equal access" to Plaintiff and similarly situated persons.  *Id.* at ¶¶ 48-71.  NFM's responsive pleading is due on February 1, 2020.  (ECF No. 12).

Plaintiff's Complaint is one of at least ninety-seven (97) nearly identical complaints that he has filed against various defendants in this District since just October 30, 2019.  In each complaint reviewed by NFM, the complaints seek identical relief under the same causes of action with nearly identical vague factual allegations.[2]  Briefly, this case strongly resembles one previously resolved by this Court—*Diaz v. Kroger Co.*—and this case should be dismissed on the same bases.  18-cv-7953-KPF, 2019 WL 2357531 (S.D.N.Y. Jun. 4, 2019).

**I.   The Complaint Should Be Dismissed as Moot Under Fed. R. Civ. P. 12(b)(1).**

The allegations of the Complaint came as a surprise to NFM because, for the past several years, NFM has focused on the accessibility of the Website.  Nevertheless, NFM personnel have reviewed the allegations of the Complaint and attempted to identify the alleged deficiencies in the Website.  The review determined that the issues either could not be reproduced, or were

---

[1] The forthcoming Motion also moves for dismissal under Fed. R. Civ. P. 12(b)(6).  For brevity, such arguments will not be presented here.
[2] *Compare* Complaint at ¶¶ 21-40 to ECF 1 at ¶¶ 21-40 of *Guglielmo v. TheFaceShop NY, LLC*, 1:19-cv-11496-KPF.

exceedingly rare issues that could be easily resolved.[3] Regardless, consistent with its commitment to accessibility, NFM has taken steps to resolve these few issues and ensure that the Website is compliant with the ADA now and in the future.[4] As such, the issues cited in the Complaint are mooted and the Court lacks subject matter jurisdiction to consider the Plaintiff's claims. *Diaz*, 2019 WL 2357531, at *5.

"The mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies." *Yandow v. Kronau*, 474 Fed.Appx. 797, 799 (2d Cir.2012) (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir.1998)). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian & Gay Org.*, 143 F.3d at 647. Courts may therefore dismiss an otherwise sufficient complaint for a lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Diaz,* 2019 WL 2357531 at *2 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In the forthcoming Motion and supporting materials, NFM will establish that the allegations of the Complaint are moot. On this basis, the Complaint should be dismissed in its entirety.

## II. The Complaint Should Be Dismissed for Lack of Personal Jurisdiction.

NFM—a Nebraska Corporation with stores in Nebraska, Kansas, Iowa, and Texas—is not subject to either general or specific personal jurisdiction in New York. In fact, Plaintiff alleges no facts indicating this Court can exercise personal jurisdiction over NFM under any theory except to note that he accessed the Website in New York City. ECF No. 1 at ¶ 9. But, "the existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *Diaz*, 2019 WL 2357531, at *7. In fact, NFM does not direct commercial activities to new customers towards the District. NFM's clearly advertised shipping policy is to ship only to locations within 300 miles of the nearest NFM store.[5] As such, it would have been impossible for Plaintiff to "make a purchase" for shipping within the District.

New York courts follow a two-step process for analyzing whether personal jurisdiction over a given defendant is appropriate. First, the Court must find a statutory basis for personal jurisdiction under the New York Civil Practice Law and Rules ("CPLR"), specifically CPLR § 301 (covering general jurisdiction) or § 302 (specific jurisdiction). *See, e.g., Thackurdeen v. Duke University*, 130 F.Supp.3d 792, 798 (S.D.N.Y. 2015); *see also J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F.Supp.2d 544, 547 (S.D.N.Y. 2001). If a statutory basis exists, then "the Court must

---

[3] For example, the Complaint alleges that the Website "contained a host of broken links". Complaint at ¶ 28. In reality, an automated audit determined that only 5 broken links existed in over 52,000 pages, for a rate of 0.00961%.

[4] NFM can and will substantiate these statements with a written declaration.

[5] *See* Website policies at https://www.nfm.com/general-faqs. The nearest store (in Clive, Iowa) is approximately 1,117 miles from New York City.

conduct a constitutional inquiry to determine whether the existence of personal jurisdiction is consistent with the requirements of due process." *Id*.

Plaintiff alleges no facts indicating NFM is subject to general jurisdiction in New York. Under CPLR § 301, a court may exercise general jurisdiction over a non-domiciliary defendant "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal citations omitted). According to the U.S. Supreme Court, the inquiry is "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). Other than in an "exceptional case," a foreign corporation will be subject to general jurisdiction only in "its formal place of incorporation or principal place of business." Id. at 761, n.19. Here, NFM is neither incorporated in nor has its principal place of business in New York. ECF No. 1, ¶ 13 (properly alleging NFM is a Nebraska company). Moreover, Plaintiff makes no allegations indicating this is an "exceptional case" permitting an exception to the principles established by the Supreme Court. Likewise, Plaintiff alleges no facts supporting the exercise of specific personal jurisdiction over NFM under New York's long-arm statute, CPLR §302. To be subject to personal jurisdiction under CPLR § 302(a)(1), a foreign corporation must transact business within the state, and the claim must arise out of that business activity. *J.L.B. Equities*, 131 F.Supp.2d at 550. Even if Plaintiff could establish a basis for personal jurisdiction under the CPLR, this Court's exercise of personal jurisdiction over NFM would be inconsistent with due process principles. The due process inquiry has two components: the "minimum contacts" and "reasonableness" inquiries. To satisfy the minimum contacts requirement, Plaintiff must demonstrate the defendant "purposefully availed itself" of the privilege of doing business in the forum state and could "reasonably anticipate being hauled into court there." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Reasonableness hinges on whether the assertion of jurisdiction comports with "traditional notions of fair play and substantial justice" and would be reasonable under the circumstances. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, absent any allegations supporting Plaintiff's assertion that NFM "transacts business in New York," Plaintiff has not met their burden to establish the due process requirement.

Simply put, the facts of this case are almost identical to those of *Diaz*, where this Court found that the Kroger website did not sell goods or services to New York residents, and dismissed the case for lack of personal jurisdiction. *Diaz*, 2019 WL 2357531, at *7.

### III.   Conclusion.

The allegations of the Complaint are mooted and the Court has no subject matter jurisdiction to consider Plaintiff's claims. Further, the Court lacks personal jurisdiction over NFM. Under both theories, the Complaint should be dismissed. NFM respectfully requests the Court's permission to file the Motion for such relief.

Sincerely,

**Stinson LLP**



Samir R. Mehta
**PARTNER**
(314) 259.4517 (T)
(314) 259.4473 (F)
samir.mehta@stinson.com

/s/ Samir R. Mehta

Samir R. Mehta (*pro hac vice*)
7700 Forsyth Blvd.
Suite 1100
St. Louis, MO 63105

Kieran M. Corcoran (KC4935)
1325 Avenue of the Americas
27th Floor
New York, New York 10019
(212) 763.8491 (t)
(212) 763.8304 (f)
kieran.corcoran@stinson.com

***Attorneys for Defendant, Nebraska Furniture Mart, Inc.***

*To:* All Parties via ECF