

YAAKOV SAKS ▲*
JUDAH STEIN ▲
RAPHAEL DEUTSCH ^
RACHEL DRAKE ▪
DAVID FORCE ▲

▲ NJ & NY Bar Admissions
^ CT & NJ Bar Admissions
▪ NJ Bar Admission
*Federal Court Bar Admissions
CO, TX, WI, MO, NE, NM, IL, ND, MI, CT, AR, TN

285 Passaic Street, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

July 10, 2020

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Via ECF**

    **Re:** *Guglielmo V. Nebraska Furniture Mart, Inc.*
       <u>Case No. 1:19-cv-11197</u>
       <u>Plaintiff Guglielmo's Position Letter Regarding Defendant's Filing of an Answer Rendering its Pending Motion to Dismiss Moot</u>

Dear Judge Failla:

  We represent the plaintiff in the above-captioned matter. We write in accordance with Your Honor's Order for a position letter stating Plaintiff Guglielmo's position regarding the effect of Defendant Nebraska Furniture Mart, Inc.'s filing of the Answer on its pending motion to dismiss. *See* Doc # 31. As set forth more fully below, Plaintiff's position is that the filing of the Answer mooted the pending motion to dismiss, and that the Court should therefore deny the motion to dismiss. To the extent that the Court converts the motion to dismiss to a motion for summary judgment – which Plaintiff vigorously contests as a violation of the Federal Rules of Civil Procedure – Plaintiff should be afforded an opportunity to fully brief the substantive issues of the motion in light of the pleadings now having been closed, an Answer filed, and Plaintiff's good-faith attempts to file a joint stipulation seeking dismissal of the case.

  <u>Background</u>

  The Complaint alleges that Nebraska Furniture Mart, Inc. ("Nebraska Furniture") violated the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL") by providing unequal access to blind or visually impaired individuals in denying them an online shopping experience that is the same as that of sighted individuals.

  <u>Legal Argument</u>

As an initial matter, Defendant represented at the conference that there nothing in the rules, and presumably, therefore, guiding caselaw on this issue, preventing the Court from deciding a motion to dismiss that had yet to be resolved despite the filing thereafter of an answer. However, there is abundance of caselaw on this issue.  Particularly, this Court should turn its attention to the Eleventh Circuit where courts have routinely held that filing an answer moots a pending motion to dismiss.  *See Veltre v. Sliders Seaside Grill, Inc.*, No. 3:15-cv-1102-J-32JBT, 2016 U.S. Dist. LEXIS 16252, at *1-*2 (M.D. Fla. Feb. 10, 2016)("Where, as here, an Answer was filed prior to the resolution of the motion to dismiss, the motion becomes moot."); *see also Brisk v. Miami Beach*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989)("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss.")(citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1361 (motions made after a responsive pleading are not technically 12(b) motions)); *see also Gaby's Bags, LLC v. Mercari, Inc.*, No. 2:19-cv-785-FtM-38MRM, 2020 U.S. Dist. LEXIS 15398, at *15-*16 (M.D. Fla. Jan. 29, 2020)(denying motion to dismiss on the grounds that it was mooted by the filing of an answer prior to the resolution of the motion to dismiss); *see also Capitol Preferred Ins. Co. v. Whirlpool Corp.*, No. 2:13-cv-868-FtM-29UAM, 2013 U.S. Dist. LEXIS 198348, at *1 (M.D. Fla. Dec. 23, 2013)(same); *see also Telebrands Corp. v. 1ByOne Prods.*, Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5 (D. Del. Nov. 21, 2017)("When an answer is filed prior to the resolution of a motion to dismiss, the motion to dismiss becomes moot."); *see also Dixon v. Nat'l Sec. of Ala., Inc.*, No. 2:18-cv-13-MHT-DAB, 2018 U.S. Dist. LEXIS 143643, at *2 (M.D. Ala. Aug. 22, 2018)("Courts in this circuit have held that a motion to dismiss is rendered moot when a defendant files an answer prior to the court ruling on the motion."); *see also Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 U.S. Dist. LEXIS 82980, at *6-*7 (M.D. Fla. May 30, 2014)("District Courts in the Eleventh Circuit routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed.")(collecting cases).

These courts recognize that "[a] motion to dismiss challenges the sufficiency of the allegations within the complaint; an answer admits or denies those allegations and raises any available affirmative defenses."  *Telebrands*, Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5 (citing *Brisk*, 709 F. Supp. at 1147).  Therefore, as *Telebrands* succinctly put it,

> A Rule 12 motion is a response filed in lieu of an answer. In this instance, the motion asserts pleading deficiencies, namely, that substantive details are lacking to show how the Accused Product allegedly infringes the recited claims of the patents-in-suit. *The very act of answering the complaint defeats the argument that the complaint is too thin to provide adequate notice of the claims and permit the defendant to respond in a meaningful way.* Consequently, 1ByOne's motion to dismiss is denied as moot.

Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5 (emphasis added); *see also Keh v. Americus-Sumter Cty. Hosp. Auth.*, No. 1:03-cv-68-2(WLS), 2006 U.S. Dist. LEXIS 15668, at *6 (M.D. Ga. Mar. 30, 2006)("More specifically, it is technically impossible to challenge the sufficiency of an allegation in a complaint, as one does in a motion to dismiss, while simultaneously admitting or denying the same

allegation, as one does in an answer."), *aff'd sub nom*, *Keh v. Americus & Sumter Cty. Hosp.*, 377 F. App'x 861 (11th Cir. 2010).

It does not stop there either. Courts have recognized that filing an answer contemporaneously with a motion to dismiss also moots the motion. *See Thornton v. City of St. Petersburg*, No. 8:11-cv-2765-T-30TGW, 2012 U.S. Dist. LEXIS 79590, at *5 (M.D. Fla. June 8, 2012)("If a Defendant files an Answer contemporaneously with a motion to dismiss, that motion is rendered moot."); *see also Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 2007 U.S. Dist. LEXIS 5108, 2007 WL 201261, f.n. 4 (S.D. Fla. Jan. 24, 2007)("The Court also notes that a defense of failure to state a claim must be made prior to filing an Answer to those claims. In this case, Third-Party [] Defendants both filed Answers to the Third-Party Complaint at the same time as they filed motions. Thus, the motion to dismiss for failure to state a claim can be denied solely on this ground."); *see also Capitol Preferred*, No. 2:13-cv-868-FtM-29UAM, 2013 U.S. Dist. LEXIS 198348, at *1 ("An Answer filed contemporaneously with the filing of a Motion to Dismiss renders the motion moot and makes it 'procedurally impossible for the Court to rule on the motion to dismiss.'")(quoting *Brisk*, 709 F. Supp. at 1147).

Indeed, there are foundational precepts at work here under the Federal Rules of Civil Procedure that are widely recognized by the courts and have long been followed by them. For example, "A motion to dismiss is improper once a responsive pleading has been filed." *Capitol Preferred*, No. 2:13-cv-868-FtM-29UAM, 2013 U.S. Dist. LEXIS 198348, at *1 (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002)); *see also* Fed.R.Civ.P 12(b)(" A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Additionally, "A defendant is not required to file an answer until court disposes of the motion to dismiss." *Capitol Preferred*, No. 2:13-cv-868-FtM-29UAM, 2013 U.S. Dist. LEXIS 198348, at *1 (citing *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006); Fed. R. Civ. P. 12(a)(4)(A)); *see also Telebrands*, Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5 (*quoting Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 U.S. Dist. LEXIS 28900, at *27 (M.D. Fla. Mar. 6, 2014)(other citations omitted); *see also Veltre*, No. 3:15-cv-1102-J-32JBT, 2016 U.S. Dist. LEXIS 16252, at *1 (citing *Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 U.S. Dist. LEXIS 28900, at *27).

Therefore, having done so – that is, having filed the Answer when it was not required to and when it was procedurally improper to – not only did Defendant violate the federal rules, but it potently admitted to exactly what it had challenged in its motion to dismiss – the sufficiency of the allegations in the Complaint to make out a claim. *Telebrands*, Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5. It is for this reason that the Court should deny the still-pending motion to dismiss as moot.

The only other available alternative would be to convert Defendant's motion to dismiss to a motion for judgment on the pleadings. "However, a motion for a judgment on the pleadings is authorized only 'after the pleadings are closed.'" *Provident Life & Cas. Ins. Co. v. Ginther*, 96-CV-0315E(H), 1997 U.S. Dist. LEXIS 89, at *4-*5 (W.D.N.Y. Jan. 2, 1997)(citing Fed.R.Civ.P. 12(c)). "A motion for judgment on the pleadings brought prior to the close of pleadings is premature under a plain reading of FRCvP 12(c)." *Ginther*, 96-CV-0315E(H), 1997 U.S. Dist. LEXIS 89, at *5. Therefore, it would be improvident of the Court to convert this motion to

dismiss to a motion for judgment on the pleadings because the pleadings had not been closed by that point, and any such conversion would be in violation of Fed.R.Civ.P. 12(c).

With that said, if the Court holds otherwise and grants a conversion, this Court should allow Plaintiff the benefit of a full briefing on the substantive issues raised therein as the pleadings have now closed.  Justice requires such a result given the good-faith efforts Plaintiff has made to have this case settled without expending the Court's resources on deciding the issues of standing or substantive compliance raised in the underlying motion to dismiss, and Defendant's willful refusal to agree to a dismissal of this case despite the fact that it would have received exactly the relief it was seeking in its motion to dismiss – a complete dismissal of the case.  As Your Honor aptly put it and was subsequently discussed at the conference, any decision in favor of Defendant would be of limited value not only due to the non-binding and non-precedential nature of such a decision coming from a District Court, persuasive though it may be,[1] but because of the limited value of compliance issues generally in the ADA context.  With the rapid and unprecedented development of computer technology in recent years, including most importantly in this context, the internet, what constitutes compliance with the ADA under the Web Content Accessibility Guidelines 2.1 Level AA may very well change in the next several years.  Future compliance, even in the near term, will look vastly different.  Therefore, even if the Court were to rule in Defendant's favor on this issue, having no binding effect on future courts, and having only limited temporal value, Defendant would not have received the substantive benefits of such a decision.  This is no less true in the standing context, as, even if the Court were to conduct its own research notwithstanding Defendant's attempts (in the course of making its standing arguments) to bring in policy issues regarding the sale of its products to New York, which are not alleged in the Complaint and which, under well-established procedural rules, the Court may not consider on a motion to dismiss, another court may very well have a different perspective.

For the foregoing reasons, the Plaintiff respectfully asks the Court to deny Defendant's request to file a motion to dismiss as moot.  We thank Your Honor and the Court for its kind consideration and courtesies.

      Respectfully submitted,

      */s/ Ken Willard*
      Kenneth Willard
      Stein Saks, PLLC
      285 Passaic Street

---

[1] *See McCarthy v. Nandalall (In re Nandalall)*, 434 B.R. 258, fn. 7 (Bankr. N.D.N.Y. 2010)(citing *First of America Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236, 242-43 (Bankr. E.D. Mich. 1991)(citation omitted)("As a unit of the district court, the bankruptcy court is only bound by precedent binding on members of the district court. When a district court is composed of more than one district judge, a decision of one judge does not speak for or bind the district as a whole. As a result, a bankruptcy judge, acting on behalf of the district court, is not bound to follow the decisions of any single member of the district court, since the decision may not represent the views of the district as a whole.").

                    Hackensack, NJ 07601
                    Tel: (201)-282-6500
                    Email: kwillard@steinsakslegal.com
                    *Attorney for Plaintiff*

cc:    All Counsel of Record via ECF