



Samir R. Mehta
**PARTNER**
(314) 259.4517 (T)
(314) 259.4473 (F)
samir.mehta@stinson.com

July 17, 2020

<u>Via ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Joseph Guglielmo v. Nebraska Furniture Mart, Inc.*, 1:19-cv-11197 (KPF)(KHP)
      Defendant Nebraska Furniture Mart, Inc.'s Opposition to Plaintiff Guglielmo's Position
      Letter (ECF No. 32)

Your Honor:

Defendant Nebraska Furniture Mart, Inc. ("NFM") presents the following letter pursuant to Your Honor's Order of July 2, 2020. ECF No. 30. As set out fully below, Defendant Nebraska Furniture Mart, Inc. ("NFM") opposes Plaintiff Joseph Guglielmo ("Guglielmo")'s Letter of July 10, 2020 ("Letter") for several reasons.

To begin with, *none* of the authority presented in the Letter supports Guglielmo's position that the Answer filed *after* the Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(2) is mooted. Instead, the law of the Second Circuit and the clear language of the Federal Rules of Civil Procedure make clear that the filing of an answer *after* the filing of a motion to dismiss does not make the motion to dismiss moot. To try to justify its argument, Guglielmo mischaracterizes its cited authority and the facts of this case by (1) blurring the distinction between cases where answers were filed before, after, and simultaneously with motions to dismiss, (2) blurring distinctions between motions to dismiss under 12(b)(6) with those under 12(b)(1) and 12(b)(2), and (3) ignoring the law of this Circuit which rejects Guglielmo's arguments altogether. Indeed, Guglielmo's *own primary case* acknowledges the fact that the Second Circuit has rejected the analysis of the Eleventh Circuit that Guglielmo promotes, while an Eleventh Circuit case entirely rejects Guglielmo's position.

Nevertheless, Guglielmo relies upon thirteen cases from outside of this Circuit to support its claim that the motion before the Court is mooted. This is plainly false. The overwhelming majority of Guglielmo's cited cases address fact patterns where an answer was filed *before* a motion to dismiss, or where an answer was filed simultaneously with a motion to dismiss. Neither pattern is before the Court. The few cases cited that address the proper sequence of events still fail to support Guglielmo's argument for two reasons. First, the Second Circuit (along with other courts) has rejected the logic of these cases based on the clear language of the Federal Rules. Second, the policy reasons underlying the holdings are only applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). Given Second Circuit law and the distinctions between 12(b)(6) motions versus 12(b)(1) (subject matter jurisdiction is never waivable) and 12(b)(2) motions, there is no justification to the claim that NFM's Motion to Dismiss moot.

Judge Katherine Polk Failla
July 17, 2020
Page 2

### I. The Letter Confuses the Sequencing of the Filings.

As a starting point, NFM must first clarify the pertinent timeline. NFM's Answer was filed *long* after its Motion to Dismiss was filed. NFM's Motion to Dismiss was filed on May 1, 2020 pursuant to this Court's Order from the Pre-Motion Conference. ECF Nos. 24 and 25. Guglielmo filed no opposition by the Court's deadline of June 8, 2020, it filed none. On June 11, 2020, forty-one (41) days after the Motion to Dismiss was filed, NFM filed an Answer to the Complaint. ECF No. 27. With this clarification, Guglielmo's arguments are entirely unavailing as set forth below.

### II. The Letter Ignores the Law of the Second Circuit that Rejects its Position.

Relying entirely upon decisions from Eleventh Circuit courts and a sole decision from the District of Delaware, Guglielmo argues that NFM "violate[d] the federal rules" by filing its Answer after its Motion to Dismiss. Letter at 3. Curiously, despite citing to thirteen decisions, Guglielmo fails to cite any case from the Second Circuit.

This is more remarkable because the primary case that Guglielmo cites explains that the Second Circuit is in dispute with the Eleventh Circuit cases cited by Guglielmo. *Brisk* involved a case with an opposite timing sequence from the present one, where a defendant served its answer on January 13, 1989, five days *before* filing the motion to dismiss. *See Brisk*, 709 F. Supp. at 1147 (S.D. Fla. 1989). Despite the inapplicable sequencing, the Letter relies on *Brisk v. Miami Beach* for the proposition that, "[o]nce the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss." *Brisk*, 709 F. Supp. at 1147 (S.D. Fla. 1989). *Brisk's* logic is central to all of Guglielmo's arguments that the motion to dismiss is moot.[1] Though not mentioned in the Letter, *Brisk* states the Second Circuit does not adopt its reasoning:

---

[1] All of Guglielmo's pertinent authorities rely, directly or indirectly, upon *Brisk*. *See, e.g., Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 U.S. Dist. LEXIS 28900, at *27 (M.D. Fla. Mar. 6, 2014)(citing *Brisk* for the proposition of procedural impossibility); *see also Veltre v. Sliders Seaside Grill, Inc.*, No. 3:15-cv-1102-J-32JBT, 2016 U.S. Dist. LEXIS 16252, at *1-*2 (M.D. Fla. Feb. 10, 2016)(the first cited case of the Letter which relies upon *Smith* and quotes *Brisk*); *Capitol Preferred Ins. Co. v. Whirlpool Corp.*, No. 2:13-cv-868-FtM-29UAM, 2013 U.S. Dist. LEXIS 198348, at *1 (M.D. Fla. Dec. 23, 2013)(same); *Gaby's Bags, LLC v. Mercari, Inc.*, No. 2:19-cv-785-FtM-38MRM, 2020 U.S. Dist. LEXIS 15398, at *15-*16 (M.D. Fla. Jan. 29, 2020)(citing *Brisk* for same); *Telebrands Corp. v. 1ByOne Prods.*, Civil Action No. 17-997-JFB-SRF, 2017 U.S. Dist. LEXIS 192327, at *5 (D. Del. Nov. 21, 2017)(same); *Dixon v. Nat'l Sec. of Ala., Inc.*, No. 2:18-cv-13-MHT-DAB, 2018 U.S. Dist. LEXIS 143643, at *2 (M.D. Ala. Aug. 22, 2018)(same); *Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 U.S. Dist. LEXIS 82980, at *6-*7 (M.D. Fla. May 30, 2014)(same); *Keh v. Americus-Sumter Cty. Hosp. Auth.*, No. 1:03-cv-68-2(WLS), 2006 U.S. Dist. LEXIS 15668, at *6 (M.D. Ga. Mar. 30, 2006)(same); *Thornton v. City of St. Petersburg*, No. 8:11-cv-2765-T-30TGW, 2012 U.S. Dist. LEXIS 79590, at *5 (M.D. Fla. June 8, 2012)(same). The few remaining cases cited regarding mootness address propositions irrelevant to the dispute. *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir.

> "There is a line of cases suggesting that courts should allow the contemporaneous filing of a motion to dismiss and an answer if the grounds for the motion are also raised as affirmative defenses. *See, e.g., Beary v. West Pub. Co.*, 763 F.2d 66, 68 (2d. Cir.1985); *Zebrowski v. Denckla*, 630 F.Supp. 1307, 1308 n. 1 (E.D.N.Y.1986); *Martin v. Delaware Law School*, 625 F.Supp. 1288, 1296 n. 4 (D.Del.1985); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 413 (E.D.Pa.1981)"

*Id.* The Second Circuit and this Court have consistently rejected *Brisk's* analysis, allowing the filing of an answer simultaneously with, or after the filing of a motion to dismiss. In 1985, the Second Circuit explained, "[a]lthough Fed. R. Civ. P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer ...." *Beary*, 763 F.2d at 68. The Second Circuit has consistently applied *Beary* and rejected *Brisk. See Invamed, Inc. v. Barr Labs., Inc.*, 22 F. Supp. 2d 210, 215 (S.D.N.Y. 1998)(same); *see also Hosain-Bhuiyan v. Barr Labs.*, Inc., No. 17-cv-114 (VB), 2017 WL 4122621, at *2 (S.D.N.Y. Sept. 14, 2017)( holding that when a party "files a motion to dismiss simultaneously with an answer the asserted bases for dismissal are not waived"….and "the court will view the motion as having preceded the answer"). Most applicably, this Court has stated that Rule 12(b) *does not* "prohibit filing the answer after a motion to dismiss has been filed but before it has been decided." *See Lifeguard Licensing Corp. v. Kozak,* No. 15-cv-8459LGSJCF, 2016 WL 3144049, at *4 (S.D.N.Y. May 23, 2016).[2]

The Second Circuit is not alone in its refusal to adopt *Brisk*'s reasoning. In a case quite like the one before the Court, the Fifth Circuit rejected a claim from an appellant-plaintiff, "that because [appellee-defendant] filed an answer to his complaint before the district court had ruled on their motion to dismiss, the motion was mooted." *See Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009). The Fifth Circuit analyzed this argument briskly and found it had no merit, stating, appellant Brunig "points to FED. R. CIV. P. 12(b) which requires that motions to dismiss be made 'before pleading if a responsive pleading is allowed.' The Rule belies [appellant-plaintiff's] point. In accordance with the Rule, Appellees filed their motion to dismiss before their answer and they were not obligated to wait to answer until the court had ruled on the motion." *Id. See also Van Buren v. City of Monroe,* No. 10-0888, 2010 WL 5553556, at *1, n1 (W.D. La. Nov. 9,

---

2002)(noting that a motion to dismiss is improper once a responsive pleading has been filed); *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006)(defendant is not required to file an answer until court disposes of the motion to dismiss).

[2] For the sake of transparency, NFM notes that *Lifeguard Licensing* cites a case from the Eastern District of California, but with an improperly worded parenthetical. *Lifeguard Licensing Corp.*, 2016 WL 3144049, at *4 (citing *Hicks v. City of Vallejo*, No. 2:14-cv-669, 2015 WL 3403020, at *1 & n.2 (E.D. Cal. May 27, 2015). *Lifeguard Licensing* states that *Hicks* notes, "that where defendant submitted answer while motion to dismiss pending, only consequence was that motion should technically be considered motion for judgment on the pleadings pursuant to Rule 12(c))". *Id.* This parenthetical is clearly erroneously phrased because *Hicks* does not involve a motion to dismiss filed *before* an answer at all, and the authority *Hicks* cites to addresses motions to dismiss filed contemporaneously with, or after, answers. *Hicks,* 2015 WL 3403020, at *1 & n.2.

2010)(finding that an answer filed after a motion to dismiss does not moot the motion to dismiss, citing *Brunig*).

Likewise, courts in the Ninth Circuit have rejected applying Guglielmo's logic and have "allowed a motion under 12(b) any time before the responsive pleading is filed" and held that a motion was not moot when the party filed an answer five days *after* filing a motion to dismiss. *See, e.g., Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l Importing Inc*., No. cv-1404905-SJO-SSX, 2014 WL 12688420, at *2 (C.D. Cal. Nov. 10, 2014) The court distinguished itself from *Brisk*, because the answer was filed and served after the motion, unlike *Brisk*. *Id*.

The *Brunig* case illustrates the fundamental logical error of Guglielmo's argument. Guglielmo remarkably argues that NFM's motion is moot because NFM "filed the Answer when it was not required to and when it was procedurally improper to." Letter at 3. That phrase conflates two entirely different concepts. There is no question that Rule 12(b) *allowed* NFM to file the Answer after the Motion to Dismiss was ruled upon. But there is no authority in Rule 12(b) or this Circuit that NFM *could not* file its answer after filing its motion. Indeed, per cases like *Beary* and *Brunig* and their progeny, NFM had no requirement to file an answer before the motion to dismiss was ruled upon, *but no duty to wait until that motion was ruled upon*.

Even the Eleventh Circuit has not adopted Guglielmo's reasoning. In a 2016 case, the Southern District of Georgia considered whether a defendant's "filing of an Answer on the same day as its Motion to Dismiss for failure to state a claim rendered its Motion moot" and found that it did not. *See Ward v. Glynn Cnty Bd. Of Comm'rs*, cv-215-077, 2016 WL 4269041 at *6-8 (S.D. Ga. Aug. 11, 2016). In a lengthy analysis, *Ward* distinguished its reasoning from that of *Brisk* and other cases cited by Guglielmo because the defendant "compl[ied] with the procedural requirement that it be submitted before the responsive pleading." *Id.* at *7. Instructively, and as discussed further below, the court in *Ward* explained why the logic of Eleventh Circuit cases finding mootness, where an answer was technically filed after a motion to dismiss, did not apply. The court noted *Keh's* concerns about how it was "impossible as a procedural matter" to consider a motion to dismiss when an answer was filed later because, "it is technically impossible to challenge[ ] the sufficiency of an allegation in a complaint, as one does in a motion to dismiss, while simultaneously admitting or denying the same allegation, as one does in an answer." *Id.* The *Ward* court differentiated itself from *Keh* and similar cases by explaining Glynn's motion to dismiss included allegations of plaintiff's "failure to exhaust her administrative remedies and noncompliance with the statute of limitations", that Glynn echoed those defenses in answer, and that there was no inconsistency between the answer and motion to dismiss. *Id.* Thus, not only does the Eleventh Circuit reject Guglielmo's argument, the distinctions drawn in *Ward* are even more applicable to the instant case.

### III.   Guglielmo's Analysis Cannot Apply to Motions Under Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

Guglielmo's rationale that the Motion to Dismiss is moot is premised on the idea that NFM's Answer, "potently admitted to exactly what it had challenged in its motion to dismiss – the sufficiency of the allegations in the Complaint to make out a claim." Letter at 3 citing *Telebrands,*

Judge Katherine Polk Failla
July 17, 2020
Page 5

2017 U.S. Dist. LEXIS 192327, at *5.  This is an absurd claim.  To begin with, the Answer did not *"potently admit"* to anything that NFM challenged in its Motion to Dismiss.  Instead, the Answer fully and explicitly incorporated all of the defenses in the Motion to Dismiss.  *See* ECF No. 27 at 1, n1, 3-6, 11, 12, 19, and 33.  Further, all of the cases that the Letter depends upon for its argument involve motions under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For example, in *Telebrands*, the court stated, "[t]he very act of answering the complaint defeats the argument that the complaint is too thin to provide adequate notice of the claims and permit the defendant to respond in a meaningful way." *Telebrands*, 2017 U.S. Dist. LEXIS 192327, at *5.  Likewise, in *Dixon v. Nat'l Sec. of Ala., Inc.*, the court explained defendant's motion to dismiss could not be ruled upon when defendant later filed an answer because, "[c]learly, here, the amended complaint was not so vague because Defendant was able to answer it." 2018 U.S. Dist. LEXIS 143643, at *2.  In short, in addition to the many problems with Guglielmo's cases, they are necessarily tied to a situation where a court was confronted with an answer that suggested (to those courts, at least) that the complaint stated a claim sufficient to survive challenge under 12(b)(6).  That situation is not before this Court.

The Motion to Dismiss before the Court arises under Fed. R. Civ. P. 12(b)(1) and 12(b)(2). The fact that NFM filed its Answer in *no way* negates or contradicts the Motion to Dismiss, at least because the Answer fully incorporated each and every defense related to its Motion to Dismiss.  Indeed, challenges to subject matter jurisdiction under 12(b)(1) are *never* waivable, and cannot become moot under this reasoning.  The Court faces no contradictions nor any procedural impossibility to rule.  The Motion to Dismiss is not moot in the Second Circuit, nor in the Eleventh. *See Beary*, 763 F.2d 66, 68 (2d. Cir.1985); *see also Ward*, 2016 WL 4269041 at *6-8.

### IV.   The Letter's Authority Includes Numerous Irrelevant Cases.

For clarity and to avoid confusion, NFM notes that Guglielmo cited to many cases with time sequencing not before the Court, where a defendant (1) filed a motion to dismiss after filing an answer, or (2) simultaneously therewith. *See Brisk v. Miami Beach*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989)(answer served  January 13, 1989; motion to dismiss filed January 18, 1989); *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002)(motion to dismiss "filed more than three months after the defendants' answer had been filed"); *Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 U.S. Dist. LEXIS 28900, at *27 (M.D. Fla. Mar. 6, 2014)(answer filed on November 27, 2013 and motion to dismiss filed on December 12, 2013).   Because these cases fail to capture the circumstances before the Court, these distinctions are crucial.

Guglielmo also cites to several additional cases where a defendant filed a motion to dismiss under Fed. R. 12(b)(6) *simultaneously* with an answer, rather than before an answer. *See Gaby's Bags, LLC v. Mercari, Inc.,* No. 2:19-cv-785-FtM-38MRM, 2020 U.S. Dist. LEXIS 15398, at *15-*16 (M.D. Fla. Jan. 29, 2020)(motion to dismiss and answer filed on same day); *Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 U.S. Dist. LEXIS 82980, at *6-*7 (M.D. Fla. May 30, 2014)("Motion was filed simultaneously, in a single document, with Claimant's  answer, affirmative defenses, and claim for damages"); *Thornton v. City of St. Petersburg*, No. 8:11-cv-2765-T-30TGW, 2012 U.S. Dist. LEXIS 79590, at *5 (M.D. Fla. June 8, 2012)(court agreeing with plaintiff that filings were contemporaneous); *Breckenridge Pharm., Inc. v. Metabolite Labs.,*

Judge Katherine Polk Failla
July 17, 2020
Page 6

*Inc.*, 2007 U.S. Dist. LEXIS 5108, 2007 WL 201261, f.n. 4 (S.D. Fla. Jan. 24, 2007)(noting that third-party defendants filed answers at the same time that they filed motions to dismiss). Again, these cases do not involve sequences like those before the Court—NFM did not file its Answer before its Motion to Dismiss or contemporaneously with it.

V. **Conclusion.**

For the foregoing reasons, the Motion to Dismiss is not moot under the law of the Second Circuit, nor any Circuit. While Fed. R. Civ. P. 12(b)(6) allowed NFM to wait until the Court ruled on the Motion to Dismiss before filing an Answer, the language did not obligate NFM to do so.

To the degree that the Court finds that the Motion to Dismiss is moot, NFM respectfully requests that it be converted to a motion for judgment on the pleadings. Contrary to Guglielmo's position, the Court certainly has the power to convert the Motion to Dismiss to a judgment on the pleadings, as is well established by the cited authorities. *See also National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Laboratories, Div. of/and American Home Products Corp.,* 850 F.2d 904, 910 (2nd Cir.1988). For the many reasons explained above, this determination would be inconsistent with the law of the Second Circuit. However, the power is clearly available to the Court if the Motion to Dismiss is determined to be moot. NFM finally submits that Guglielmo should *not* be granted any supplemental briefing in this case. The Court issued an order and gave Guglielmo over a month to respond to the Motion to Dismiss. Guglielmo failed to respond, intentionally, and waived its right to any opposition. Further, Guglielmo offered to dismiss the case with prejudice, and indicated to the Court in hearing that it has no basis to proceed with its claim that the NFM Website is not compliant with the Americans with Disabilities Act. In so doing, Guglielmo effectively admitted that there is no subject matter jurisdiction for this case. In light of all of this, Guglielmo's vigorous insistence that the Motion to Dismiss is moot is curious, when it had not pushed back in earlier, more appropriate moments.

As the Motion to Dismiss remains ripe and unopposed, NFM respectfully asks that the Court grant the motion in its entirety as it has done before in similar cases.

Respectfully submitted,

STINSON LLP


 */s/ Samir R. Mehta*
Samir R. Mehta (*pro hac vice*)
7700 Forsyth Blvd., Suite 1100
St. Louis, Missouri 63105
(314) 259.4517 (t)
(415) 786.0272 (c)
samir.mehta@stinson.com

Kieran M. Corcoran (KC4935)
1325 Avenue of the Americas
27th Floor
New York, New York 10019
(212) 763.8491 (t)
(212) 763.8304 (f)
kieran.corcoran@stinson.com

***Attorneys for Defendant Nebraska Furniture Mart, Inc.***

*To:* All Parties via ECF

The Court is in receipt of Plaintiff's letter regarding whether the filing of an answer after a motion to dismiss moots the pending motion (Dkt. #32), and Defendant's response (Dkt. #33). After careful consideration of the parties' letters, the Court finds that Defendant's motion to dismiss (Dkt. #24) is not mooted by Defendant's subsequent Answer (Dkt. #27). All that the Federal Rules of Civil Procedure require is that a motion to dismiss precede a responsive pleading. *See* Fed. R. Civ. P. 12(b). Moreover, the Second Circuit permits parties to file motions to dismiss and responsive pleadings contemporaneously. *See Beary* v. *W. Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985). If filing a motion to dismiss and an answer simultaneously is permitted and does not prejudice a plaintiff, it is hard to see why filing an answer subsequent to a motion to dismiss would do so. Accordingly, although Defendant's decision to file an Answer forty-one days after its motion was unusual, it was not procedurally improper.

The Court therefore has before it a still pending motion to dismiss, and an unopposed one at that. As to the unopposed nature of the motion, the Court will not hear complaints of unfairness. Plaintiff had forty-one days following Defendant's motion during which he could have either opposed the motion or voluntarily dismissed his Complaint without prejudice. Indeed, Plaintiff chose not to file any opposing papers on the date that was scheduled for his opposition. Plaintiff's choices, and nothing else, have led him to this situation. The Court will therefore consider Defendant's motion to dismiss as unopposed, though it will of course evaluate with care all of Defendant's arguments. Plaintiff remains free to seek leave for dismissal of the suit pursuant to Federal Rule of Civil Procedure 41(a)(2) if he wishes.

Dated:   August 10, 2020
         New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE