UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH GUGLIELMO, *on behalf of himself and all others similarly situated*,

Plaintiff,

-v.-

NEBRASKA FURNITURE MART, INC.,

Defendant.

---

19 Civ. 11197 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

In December 2019, Plaintiff Joseph Guglielmo filed this action against Defendant Nebraska Furniture Mart, Inc., alleging that a website operated by Defendant denied equal access to blind and visually-impaired consumers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 (the "ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131 (the "NYCHRL"). One year later, the Court dismissed the action without prejudice in accordance with both Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. (Dkt. #35). Defendant now seeks to recover fees pursuant to the attorney's fees provision of the ADA, 42 U.S.C. § 12205. For the reasons set forth in the remainder of this Opinion, the Court denies Defendant's motion to recover attorney's fees.

## BACKGROUND[1]

### A.    Factual Background

Defendant, a Nebraska-based retailer of furniture and appliances, owns and maintains a website, www.nfm.com (the "Website"), through which it offers its products and services for sale and delivery to customers.  (Compl. ¶¶ 21-22).  Plaintiff, who is visually impaired and legally blind (*id.* at ¶ 23), visited the Website on multiple occasions and found that it lacked features and accommodations that would make the Website accessible to himself and to similarly-abled persons (*id.* at ¶¶ 24-28).  Plaintiff alleged that these barriers to access denied him the ability to use and enjoy the Website in the same fashion as sighted persons.  (*Id.* at ¶ 29).

### B.    Procedural Background

On December 6, 2019, Plaintiff initiated this action with the filing of a complaint.  (Dkt. #1).  Following letter briefing from the parties regarding Defendant's intent to move to dismiss the Complaint (Dkt. #14, 16), the Court set a briefing schedule for Defendant's anticipated motion at a March 18, 2020 conference (Minute Entry for March 18, 2020).  Pursuant to that schedule,

---

[1]    Certain facts in this Opinion are drawn from Plaintiff's Complaint ("Compl." (Dkt. #1)). However, the instant motion relates primarily to Plaintiff's conduct in this litigation.  As such, the Court draws facts regarding the procedural history from the record in this case, including Defendant's January 31, 2020 letter (Dkt. #14); the June 23, 2020 joint letter from the parties (Dkt. #28); and Defendant's July 2, 2020 letter (Dkt. #30).

For ease of reference, the Court refers to certain of the parties' correspondence using the convention "Pl. [Date] Ltr."; "Def. [Date] Ltr."; or "Joint [Date] Ltr."  The Court refers to Defendant's brief in support of its motion for attorney's fees as "Def. Br." (Dkt. #39-1); Plaintiff's brief in opposition as "Pl. Opp." (Dkt. #44); and Defendant's reply brief as "Def. Reply" (Dkt. #45).

Defendant's opening papers were due by May 1, 2020; Plaintiff's opposition papers were due by June 8, 2020; and Defendant's reply was due by June 22, 2020. (*Id.*). Defendant filed its motion to dismiss and supporting papers on May 1, 2020. (Dkt. #24, 25). However, a few days after the date on which Plaintiff's submission was due, on June 11, 2020, Defendant filed an answer to the Complaint. (Dkt. #27). Plaintiff did not timely file his opposition papers, and when later he requested leave to file an untimely submission, the Court denied his request. (Dkt. #34).

On June 23, 2020, the Court received a joint letter from the parties indicating that Plaintiff had offered a joint stipulation of dismissal to Defendant on June 8, 2020, and on several occasions thereafter. (Dkt. #28). In the letter, Defendant stated that because it had incurred "significant effort" in filing its motion to dismiss, it was seeking "an order from this Court rather than a voluntary dismissal." (*Id.* at 2).[2] Defendant also acknowledged the strategy behind its decision to file an answer when it did, namely, "to protect its ability to obtain such an order." (*Id.*). For his part, Plaintiff noted in the same letter that he "ha[d] offered to dismiss this matter with prejudice, which is exactly the same relief Defendant is seeking from its motion to dismiss," and argued further that Defendant's decision to file an answer served as an effective dismissal of its motion. (*Id.*).

---

[2]     In telephonic conferences with the Court on March 18, 2020, and June 25, 2020, counsel for Defendant echoed these sentiments, by noting that Defendant was sincerely concerned about website accessibility and interested in a decision from the Court on its motion to dismiss.

On July 2, 2020, Defendant submitted a letter notifying the Court that it had refused an additional stipulation of dismissal that Plaintiff had proposed following a June 25, 2020 pretrial conference with the Court, because it had determined that the stipulation failed to provide the precise relief sought in its motion to dismiss.  (Dkt. #30).  Subsequently, in response to an order of the Court (Dkt. #31), the parties submitted briefing on the question of whether Defendant's filing of an answer had rendered its motion to dismiss moot (Dkt. #32, 33).  By endorsement dated August 10, 2020, the Court determined that Defendant's Answer had not mooted its motion to dismiss.  (Dkt. #34). Ultimately, the Court dismissed the Complaint without prejudice in an Opinion and Order dated December 18, 2020, citing deficiencies as to standing, mootness, and personal jurisdiction.  (Dkt. #35).

On January 4, 2021, Defendant filed the instant motion for attorney's fees and supporting papers.  (Dkt. #39).  Plaintiff filed letter motions on January 18, 2021, and February 2, 2021, requesting extensions to file a response (Dkt. #40, 42), both of which the Court granted (Dkt. #41, 43).  On February 8, 2021, Plaintiff filed his opposition to Defendant's motion.  (Dkt. #44).  Defendant submitted its reply in support of its motion on February 16, 2021.  (Dkt. #45).

## DISCUSSION

### A.   Applicable Law

The ADA provides that a court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs[.]" 42 U.S.C. § 12205.  "Before deciding whether an award of attorney's fees is appropriate in a given case, then, a court must determine whether the party seeking fees has prevailed in the litigation."  *CRST Van Expedited, Inc.* v. *E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) ("*CRST*").  "To be considered a prevailing party, the [party] must achieve a material, judicially-sanctioned alteration of the legal relationship that favors it."  *Indep. Project, Inc.* v. *Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 490 (S.D.N.Y. 2019); *see also CRST*, 136 S. Ct. at 1646 ("[T]he 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.' ... This change must be marked by 'judicial imprimatur.'" (emphasis omitted) (first quoting *Tx. State Teachers Ass'n.* v. *Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989), and then quoting *Buckhannon Bd. & Care Home, Inc.* v. *W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 605 (2001))).

A prevailing defendant is entitled to recover reasonable attorney's fees "only when the plaintiff's 'claim was frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.'" *Parker* v. *Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co.* v. *E.E.O.C.*, 434 U.S. 412, 422 (1978)).  "[T]he determination as to whether the claims were frivolous, unreasonable, or

groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law." *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998).  This standard may be met even where an action was "not brought in subjective bad faith." *E.E.O.C.* v. *J.B. Hunt Transp., Inc.*, 75 F. App'x 853, 854 (2d Cir. 2003) (summary order) (quoting *Christiansburg*, 434 U.S. at 421).

That said, "courts should not engage in *post hoc* reasoning in determining whether a suit was frivolous, because the prospects for a plaintiff's success are difficult to assess at the outset of a suit." *Access 4 All, Inc.* v. *Ulster Heights Props., Inc.*, No. 07 Civ. 2923 (LBS), 2009 WL 256008, at *2 (S.D.N.Y. Feb. 2, 2009); *see also Christiansburg*, 434 U.S. at 421-22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning. ... [T]he course of litigation is rarely predictable. ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").  In that regard, "[t]he fact that a plaintiff may ultimately lose [his] case is not in itself a sufficient justification for the assessment of fees in favor of a defendant." *Nicholas* v. *Harder*, 637 F. App'x 51, 52 (2d Cir. 2016) (summary order) (internal quotation marks omitted) (quoting *Hughes* v. *Rowe*, 449 U.S. 5, 14 (1980)).

## B. The Court Denies Defendant's Motion for Attorney's Fees

The parties vigorously dispute Defendant's entitlement to attorney's fees. Defendant argues that Plaintiff lacked "a basis in law or fact for the allegations

6

in his Complaint" and, at the very least, was unreasonable in continuing to litigate after Defendant's motion to dismiss was filed by contesting Defendant's ability to continue with that motion after filing an answer.  (*See* Def. Br. 7-8). Plaintiff proffers two arguments in response: (i) "Defendant is not a 'prevailing party' under § 12205" (Pl. Opp. 3-4); and (ii) Plaintiff did not litigate in bad faith because his claims were not "frivolous, unreasonable, or groundless," nor was it unreasonable for him to continue the litigation after the motion to dismiss had been filed (*id.* at 7-8, 11-14 (internal quotation marks omitted) (quoting *Access 4 All*, 2009 WL 256008, at *9)).  The Court will address the parties' arguments in turn, but to preview, it finds that Defendant is not entitled to recover attorney's fees.[3]

### 1.    Defendant Is a Prevailing Party Under the Statute

The Court begins with the antecedent issue of whether Defendant is a prevailing party under the ADA.  Plaintiff emphasizes the fact that the Court dismissed the case on non-merits grounds, and argues in particular that "dismissal on personal jurisdiction grounds is not a sufficiently material alteration of the legal relationship to qualify the winner as a prevailing party." (Pl. Opp. 4).  Defendant rejoins that because the Court dismissed the Complaint based on both lack of subject matter jurisdiction and personal

---

[3]    Plaintiff additionally argues that Defendant's fee request is so deficient that it merits denial of fees.  (Pl. Opp. 17-20).  The Court agrees with Plaintiff that the hours and rates Defendant requests are excessive, particularly considering that it requests fees solely for the work of partners.  *See Carrington* v. *Graden*, No. 18 Civ. 4609 (KPF), 2020 WL 5758916, at *16 (S.D.N.Y. Sept. 28, 2020) (reducing fees to account for "top-heavy" division of labor where partner performed majority of work rather than associates). Given its resolution of the motion, however, the Court need not resolve this additional argument.

jurisdiction — neither of which could be cured with the filing of an amended complaint — Defendant prevented Plaintiff from achieving his goal of materially altering the parties' relationship, and was therefore the prevailing party.  (Def. Reply 4-6).  For the following reasons, the Court agrees with Defendant that it is a prevailing party.

*First*, the Court's determination regarding mootness binds the parties. Plaintiff misstates this Court's ruling in claiming that it "found that Plaintiff lacked personal jurisdiction because of a pleading deficiency related to the issue of Plaintiff's intent to return to the website" (Pl. Opp. 6), as the Court in fact found Plaintiff lacked *standing* for this reason, among others.  *See Guglielmo* v. *Neb. Furniture Mart, Inc.*, No. 19 Civ. 11197 (KPF), 2020 WL 7480619, at *5 (S.D.N.Y. Dec. 18, 2020).  Plaintiff's argument that the Court's determinations regarding lack of personal jurisdiction and mootness "played no role in the binding force of the opinion" is similarly erroneous.  (Pl. Opp. 6). Federal courts have no authority to issue advisory opinions and decide questions that have no effect on the parties' rights.  *See Penguin Books USA Inc.* v. *Walsh*, 929 F.2d 69, 72 (2d Cir. 1991).

Thus, while each basis was sufficient for dismissal, the Court's determination regarding mootness affected the rights of the parties because otherwise the ruling would have been an impermissible advisory opinion. Moreover, it is immaterial that the Complaint was dismissed without prejudice as the Court lacks authority to dismiss with prejudice when dismissing a complaint pursuant to Rule 12(b)(1).  *Carter* v. *HealthPort Techs., LLC,* 822 F.3d

47, 54 (2d Cir. 2016) (collecting cases) ("[W]here there is a lack of Article III

standing, 'Article III deprives federal courts of the power to dismiss a case with

prejudice.'" (quoting *Hernandez* v. *Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d

Cir. 1999))).

*Second*, because the Court's determinations are binding, Defendant is

"unquestionably" the prevailing party because the Court's dismissal of the

Complaint "unambiguously rebuffs [Plaintiff's] attempt to effect a material

alteration in the legal relationship between the parties." *Blair* v. *Alstom*

*Transp., Inc.*, No. 16 Civ. 3391 (PAE), 2020 WL 4504842, at *7 (S.D.N.Y. Aug. 5,

2020) (internal quotation marks omitted) (quoting *Raniere* v. *Microsoft Corp.*,

887 F.3d 1298, 1303 (Fed. Cir. 2018)).  As a defendant's "primary objective" is

the prevention of a material alteration in the parties' legal relationship, a final

judgment achieving that objective suffices to render a defendant the prevailing

party.  *See CRST*, 136 S. Ct. at 1651.  Once again, the fact that the dismissal

was not based on the merits is no obstacle to finding that Defendant is the

prevailing party.  *See id.* ("The defendant may prevail even if the court's final

judgment rejects the plaintiff's claim for a nonmerits reason.").

*Third*, even accepting Plaintiff's argument that whether Defendant is the

prevailing party is a "question ... of suability — that is, whether the prevailing

party can be sued again without a material change in the defeated party's

position" — Defendant is the prevailing party.  (Pl. Opp. 4).  Plaintiff cannot,

despite his arguments to the contrary (*see id.* at 6), cure through amendment

the deficiencies that were the basis for dismissal.  Even if Plaintiff could

replead and demonstrate standing, he would be unlikely to overcome the Court's findings on mootness given Defendant's remediation efforts, *see Guglielmo*, 2020 WL 7480619, at *6, and would also be unable to establish that the Court has personal jurisdiction over Defendant, *see id.* at *9 ("Because Plaintiff has failed to establish that Defendant transacts any business in New York, if it were found that the Court had subject matter jurisdiction over this case, it would nonetheless dismiss for want of personal jurisdiction."). Conversely, if Plaintiff attempted to start over in a court that had personal jurisdiction over Defendant, such efforts would be futile given the Court's decisions on mootness and standing.  *Cf. Fashion Television LLC* v. *APT Satellite Co.*, No. 17 Civ. 5413 (LTS) (SN), 2018 WL 4300526, at *4 (S.D.N.Y. Sept. 10, 2018) ("[B]ecause the dismissal of Plaintiff's claims for lack of personal jurisdiction does not preclude Plaintiff from asserting its claim in a proper jurisdiction, the legal relationship between the parties has not been conclusively altered and Defendant is not a prevailing party within the meaning of the statute.").[4]  Thus, the cases Plaintiff cites in support of his argument that a dismissal for personal jurisdiction is insufficient to render Defendant the prevailing party are inapt.  (*See* Pl. Opp. 4-6 (citing *Fashion Television LLC*, 2018 WL 4300526, at *4)).

---

[4]      Further, as noted by Plaintiff, the district court in *Fashion Television LLC* itself recognized that "some courts have reasoned that dismissal for lack of personal jurisdiction does alter the legal relationship between the parties because such a dismissal forever bars the plaintiff from litigating its claim in the particular court." *Fashion Television LLC* v. *APT Satellite Co.*, No. 17 Civ. 5413 (LTS) (SN), 2018 WL 4300526, at *4 (S.D.N.Y. Sept. 10, 2018).

### 2.      Plaintiff's Claims Were Not Frivolous at the Outset

Of course, qualifying as a prevailing party is only part of the analysis. The Court finds that Defendant has failed to show that Plaintiff's claims meet the standard articulated by the Supreme Court in *Christiansburg* for awarding attorney's fees to a prevailing defendant.  Plaintiff's claims, albeit lacking in detail, were not so devoid of factual and legal bases as to be considered groundless.  Moreover, as discussed at other points in this Opinion, for the Court to find that Plaintiff's "claim was frivolous, unreasonable, or groundless, or that [he] continued to litigate after it clearly became so" would require it impermissibly to engage in *post hoc* reasoning.  *Christiansburg*, 434 U.S. at 422.

Defendant focuses first on the commencement of the litigation, arguing that the Complaint was frivolous at the outset given the "lack of factual pleadings to support Plaintiff's claim[.]" (Def. Br. 6-7).  Defendant also emphasizes that "Plaintiff and his counsel had a duty to determine that the Court had personal jurisdiction" over Defendant that they failed to fulfill.  (*Id.* at 9).  The Court disagrees.  Working in reverse order, the Court finds that the Website's conflicting language regarding Defendant's delivery policy imparted a measure of reasonableness to Plaintiff's arguments for personal jurisdiction. *Compare Guglielmo*, 2020 WL 7480619, at *8 n.4 (noting that the Website states that Defendant delivers "to '47 states (excluding Alaska, Hawaii and California)'" but an "NFM Card may be required for purchases in some areas"), *with id.* at *8 (discussing the Declaration of Jeffrey Douglas submitted in

support of Defendant's motion to dismiss, noting the Website's statement that

Defendant only delivers within a 300-mile radius of its stores).  It was not until,

at the earliest, the March 18, 2020 pre-motion conference that Plaintiff was on

notice that Defendant could not deliver to him in New York.  (Def. Br. 11 n.2).

Given this lack of clarity, Plaintiff was not unreasonable in presuming, at the

time he filed the Complaint, that he could make a purchase in New York and

thus establish personal jurisdiction.  *See Access 4 All*, 2009 WL 256008, at *2

("Even though the facts supporting Plaintiffs' claims may have been

questionable at the outset of litigation, the Court cannot unequivocally say that

Plaintiffs' claim should have never been brought.").

Turning next to the issue of vagueness, the Court finds that it would

constitute revisionist history to deem Plaintiff's claims to be frivolous merely

because it ultimately found his "vague allegations … insufficient to establish a

concrete and particularized injury for standing purposes." *Guglielmo*, 2020 WL

7480619, at *4.  Indeed, the Second Circuit has cautioned courts against

engaging in such *post hoc* reasoning "by concluding that, because a plaintiff

did not ultimately prevail, his action must have been unreasonable or without

foundation." *Nicholas*, 637 F. App'x at 52 (internal quotation marks and

citation omitted).

"A claim 'is frivolous where it lacks an arguable basis either in law or in

fact.'" *Shakur* v. *Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (quoting *Neitzke* v.

*Williams*, 490 U.S. 319, 325 (1989)).  Plaintiff's allegations, while vague, were

not entirely bereft of factual or legal bases.  Plaintiff alleged that he has a

disability under the ADA and that Defendant "denie[d] him full and equal opportunity to use its website." (Compl. ¶ 31). These allegations, despite not being sufficient to allege standing, are sufficient to allege a *prima facie* ADA claim. *See Winegard* v. *Crain Commc'ns, Inc.*, No. 20 Civ. 1509 (AJN), 2021 WL 1198960, at *2-3 (S.D.N.Y. Mar. 30, 2021) (concluding that plaintiff had established a *prima facie* ADA claim where he alleged that he had a disability and that he was denied "full and equal opportunity" to use defendant's website). Further, in opposing the instant motion, Plaintiff submitted a written report of the Website's defects that existed at the time he filed the Complaint. (Pl. Opp., Ex. A). And Defendant effectively concedes the existence of prior barriers to equal access, given its prior submission attesting that it had undertaken remediation efforts to address those barriers. *Guglielmo*, 2020 WL 7480619, at *6 (summarizing Defendant's efforts to improve the Website's accessibility). Consequently, though the Court found that Plaintiff's Complaint was subject to dismissal, it cannot find that the Complaint was frivolous. *See Antolini* v. *Thurman*, No. 19 Civ. 9674 (JMF) (KNF), 2021 WL 3774112, at *1 (S.D.N.Y. Aug. 24, 2021) ("[Although Defendants prevailed, the Court cannot say that Plaintiff's claim was frivolous. ... There is no dispute that the premises at issue are, in fact, inaccessible. ... Plaintiff simply failed to build a sufficient record to support his claims under the applicable ADA standards.").

### 3.      Plaintiff Was Not Unreasonable in Continuing to Litigate

Defendant alternatively argues that, even if Plaintiff's claims were not frivolous at the outset, "Plaintiff learned of the deficiencies in [his] case repeatedly through the proceedings" and was unreasonable in continuing to litigate. (Def. Br. 7).[5]  Relatedly, Defendant contends that Plaintiff's arguments regarding the mooting effect of the Answer were themselves frivolous.  (*Id.* at 13-14).  Plaintiff counters that in litigating these mootness issues, his counsel was acting in accordance with "his professional obligations of zealous advocacy." (Pl. Opp. 15-17).

Plaintiff's arguments regarding the mootness of Defendant's motion to dismiss were not frivolous, nor was he unreasonable in continuing the litigation by making such arguments.  The best indication that Plaintiff's arguments were not an attempt to "re-litigate settled questions of law" (Def. Br. 13), is the fact that the Court ordered briefing on the issue in the first instance. And as confirmed by the parties' submissions, there is limited precedent on point, such that Plaintiff's citation to *Brisk* v. *Miami Beach*, 709 F. Supp. 1146 (S.D. Fla. 1989), was not unreasonable.  (*See* Pl. July 10, 2020 Ltr. 2; *see also* Def. July 17, 2020 Ltr.).  Contrary to Defendant's argument, none of the cases on which it relies to contend that *Brisk* "was repeatedly rejected by the Second Circuit" directly contradicts the holding in *Brisk*, as each solely addresses the

---

[5]      *See also* Def. Reply 7 ("Plaintiff … continued to litigate after learning he could not make a purchase on the [Website], being advised of legal authority that supported [Defendant's] jurisdictional arguments, his own expert concluding there was not a basis for his claims, and learning of remediation [Defendant] made to the Website.").

issue of simultaneous filing of a motion to dismiss and an answer.  (*See* Def. Br. 13-14 (citing *Invamed, Inc.* v. *Barr Labs., Inc.*, 22 F. Supp. 2d 210, 215 (S.D.N.Y. 1998); *Hosain-Bhuiyan* v. *Barr Labs., Inc.*, No. 17 Civ. 114 (VB), 2017 WL 4122621, at \*2 (S.D.N.Y. Sept. 14, 2017)).[6]  Accordingly, Plaintiff was not frivolous in arguing for the Court to consider *Brisk*.

Further, as Plaintiff had failed to oppose the motion to dismiss, he had no choice but to oppose the Answer.[7]  To review, rather than oppose the motion to dismiss, Plaintiff had offered a stipulation of dismissal with prejudice on multiple occasions, both before and after Defendant's filing of its Answer; Defendant had rebuffed these efforts.  (*See* Joint June 23, 2020 Ltr. 1-2; Def. July 2, 2020 Ltr. 1-2).  Defendant refused specifically because it sought a finding that the Court lacked personal jurisdiction and subject matter jurisdiction (Joint June 23, 2020 Ltr. 2; Def. July 2, 2020 Ltr. 1-2), and it doubled down on this strategy by filing the Answer in order to preserve its ability to receive such a finding (Def. July 2, 2020 Ltr. 2; *see also* Def. Reply 7). Once Defendant filed its Answer and abrogated Plaintiff's ability to file a voluntary dismissal under Rule 41(a)(1)(i), Plaintiff's counsel reasonably chose

---

[6]     In Defendant's initial letter briefing on the issue of mootness, it referred the Court to another case in this District that had observed that Federal Rule of Civil Procedure 12(b) does not "prohibit filing the answer after a motion to dismiss has been filed but before it has been decided." (Def. July 17, 2020 Ltr. 3 (citing *Lifeguard Licensing Corp.* v. *Kozak*, No. 15 Civ. 8459 (LGS) (JCF), 2016 WL 3144049, at \*4 (S.D.N.Y. May 23, 2016))).  Defendant's citation to this lone decision does not change the Court's determination that Plaintiff's arguments were not frivolous.

[7]     For avoidance of doubt, the Court would have preferred that Plaintiff abided by the Court's scheduling orders, but understands his decision to pursue a stipulation of dismissal.

to argue that the Answer mooted the motion to dismiss, a motion that Plaintiff was otherwise unable to oppose.  *Cf. Int'l Techs. Mktg., Inc.* v. *Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (opining that, in the context of Rule 11(b) sanctions, "separating frivolous claims from mere zealous advocacy can be difficult").

Separately, Plaintiff's continuation of the litigation once Defendant notified him of purported deficiencies in the Complaint and mootness issues was not unreasonable.  Though Plaintiff had been made aware on or about January 31, 2020, that Defendant had "taken steps to resolve these few issues and ensure that the Website is compliant with the ADA now and in the future," he was not required to conclude that his claims were moot.  (Def. Jan. 31, 2020 Ltr. 2).  The caselaw is clear that defendants must meet a "formidable burden" of showing it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur" in order for a plaintiff's claim to be mooted. *See, e.g.*, *Mercer* v. *Jericho Hotels, LLC*, No. 19 Civ. 5604 (VSB), 2019 WL 6117317, at *3 (S.D.N.Y. Nov. 18, 2019) (internal quotation marks omitted) (quoting *Friends of the Earth, Inc.* v. *Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000)).  Further, a few courts outside this Circuit have concluded that, due to the dynamic character of websites and the possibility that accessibility barriers may arise when a website is updated or otherwise changed, an ADA claim involving a website can never be mooted.  *See Diaz* v. *Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 WL 2357531, at *4 (S.D.N.Y. June 4, 2019) (collecting cases).  Accordingly, considering the high bar Defendant was required to meet,

16

Plaintiff was reasonable in believing his claims to be viable despite Defendant's remediation efforts.

## CONCLUSION

Defendant sought and received a decision from the Court dismissing the Complaint.  The Court cannot say, however, on the unusual procedural facts of this case, that it was unreasonable for Plaintiff either to bring or to persist with his litigation.  Accordingly, and for the reasons set forth herein, Defendant's request for attorney's fees is DENIED.  The Clerk of Court is directed to terminate the motion at docket entry 39.

SO ORDERED.

Dated:        September 9, 2021
              New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

17